[No. 11107. Department One. August 18, 1913.]

JOE E. McMANAMON *et al., Respondents,* v. THEODORE TOBIASON, *Appellant.*[1]

LANDLORD AND TENANT — REPAIRS — LEASE — DUTY OF LANDLORD. Under a lease of a hotel providing that no alteration could be made without the lessor's consent, and should be paid for by the lessee, the lessor is not liable to the lessee for damages for failure to make alterations required by the hotel inspector, in the absence of any offer by the lessee to pay for the same.

SAME—FAILURE TO REPAIR—ACTIONS—COMPLAINT. A complaint by a lessee of a hotel states a cause of action for nominal damages, where it alleges that the landlord agreed in the lease to repair the roof of the building and failed to do so.

APPEAL—REVIEW—HARMLESS ERROR. In an action tried to the court in which only the nominal damages awarded against appellant are affirmed on appeal, error in admitting depositions on the subject of damages is harmless.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered December 23, 1912, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Modified.

*B. M. Branford,* for appellant.

*John Truax,* for respondents.

PARKER, J.—The plaintiffs seek to recover damages from the defendant because of failure on his part to repair and

[1]Reported in 134 Pac. 524.

make certain changes in a hotel building, leased by them from
him. A trial before the court without a jury resulted in
findings and judgment in favor of the plaintiffs, from which
the defendant has appealed.

The provisions of the lease here involved, so far as we
need notice them, are as follows:

"This indenture, Made this 30th day of December, A. D.,
1911, by and between Theodore Tobiason, a widower, of
Moscow, Idaho, party of the first part, and Joe E. McMan-
amon, and Annie S. McManamon, his wife of Othello, Wash-
ington, parties of the second part,

"Witnesseth: That the said party of the first part does
by these presents lease and demise unto the said parties of
the second part . . .

"It is agreed and understood that the building now known
as the 'Hibbard Hotel' situated upon the above described
lots shall be used for hotel purposes and such other business
as is generally incident to the hotel business, and the said
building and premises shall not be used for any other pur-
pose without the written consent of the first party having first
been had and obtained.

"It is further agreed that said parties of the second part
shall not make or cause to be made any alterations in the
said hotel building by tearing down or changing any fixed
part thereof without the written consent first given by the
said first party or his authorized agent. It is further agreed
that in the event that said second parties should desire any
alterations to be made and the said first party shall agree
thereto, such alterations shall be made under the supervision
of the said first party or his authorized agent and the cost
of same shall be paid by the said second parties.

"It is further agreed that the said first party shall with
reasonable diligence repair the roof of said building so as
to prevent leakage . . ."

Appellant inspected the hotel building and was acquainted
with its condition before entering into the lease contract, and
went into possession soon thereafter. Respondents commenced
this action, claiming damages from appellant because of his
alleged neglect and failure to comply with the lease contract

on his part in several particulars. The only allegations of damage made in their complaint with which we are here concerned, however, are the following:

"(a)    That said defendant has wholly failed, refused and neglected to repair the roof of the hotel building on said premises, as was provided that he should do in said agreement .  .  .

"(c)    That five rooms in the second story of said building are improperly ventilated, and said defendant has failed, refused and neglected to make the necessary changes and alterations in accordance with the requirements of the hotel inspection law of the state of Washington, and because of his failure, refusal and neglect so to do, plaintiffs have been unable to make proper use of said rooms and have lost great profits therefrom."

The lease is pleaded by copy attached to the complaint. The complaint concludes with a general allegation of damage in the sum of $500, because of such alleged failure on the part of the appellant to comply with the conditions of the lease. In their bill of particulars, respondents claim $47 damage resulting from the failure of appellant to repair the roof of the hotel building, and $236 damages resulting from his failure to make necessary alterations in the building in order to make the same comply with the orders of the hotel inspector made in pursuance of the state law.

The trial court found in respondents' favor in the sum of $150 upon their claim of damages on account of failure to make changes in the rooms which they claim could not be used because of the orders of the hotel inspector. The allowance of this item in respondents' favor is the principal error claimed by counsel for appellant. It is of no consequence here whether we regard this claimed error as resting upon want of proper allegations in the complaint, improper admission of evidence, or insufficiency of evidence. We think in any event it must be solved in appellant's favor upon the latter ground. We have noticed that, under the provisions of the lease, appellant was not obliged to make any changes

or alterations in any fixed portions of the building, and it is apparently conceded that the changes necessary to make these rooms usable, after the order of the hotel inspector, would necessitate changing fixed portions of the building. We have also noticed that, while such changes or alterations, if agreed to, were to be made under the supervision of appellant or his authorized agent, the cost of the same was to be paid by respondents. The evidence wholly fails to show any offer on the part of respondents, either to make these changes themselves or to pay for the making of them. Respondent Joe McManamon admits in his testimony that no such offer was made. It seems clear to us that respondents have failed to show want of compliance with the terms of the lease contract on the part of appellant in this particular, even conceding that appellant was, under the terms of the lease, required to permit the making of such changes. We are of the opinion that the trial court erred in allowing this sum as damages against appellant.

The trial court awarded respondents nominal damages against appellant for failure to repair the roof of the hotel building. We think the evidence was sufficient to sustain this award.

Some contention is made against the sufficiency of the complaint to state a cause of action, raised by general demurrer. The complaint states a cause of action for damages by reason of appellant's failure to repair the roof. Its sufficiency touching other items of claimed damages is now of no consequence.

Some contention is made upon appellant's claim of error in the trial court's admission in evidence of certain depositions. In view of the fact that the trial court awarded only nominal damages to respondents because of the failure of appellant to repair the roof and the evidence found in the depositions was merely cumulative of other evidence to show such damage, and the trial was before the court without a jury, we think the reading of the depositions in evidence was

not prejudicial error. The depositions related for the most part to other items of claimed damage.

We conclude that the judgment must be reversed in so far as it awards damages against the appellant in the sum of $150, for failure to make changes in the building, and affirmed as to the award of damages for failure to repair the roof. The case is remanded to the trial court with directions to correct its judgment accordingly. Appellant will recover costs in this court.

CROW, C. J., GOSE, CHADWICK, and MOUNT, JJ., concur.